UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARC RUSSELL TRUSTY,<br><br>                                    Petitioner,<br>      v.<br><br>WARDEN RENEE BAKER, et al.,<br><br>                                   Respondents. | Case No. 3:13-cv-00034-MMD-WGC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Pending before the Court is respondents' motion to dismiss. (Dkt. no. 13.)

**I.     PROCEDURAL HISTORY**

On January 14, 2009, the State of Nevada charged petitioner by way of criminal indictment with four counts of robbery with the use of a firearm. (Exhibit 2.)[1] Petitioner elected to plead guilty to three of the four robbery counts, and the State agreed to dismiss the pending criminal charges in four other cases. (Exhibit 18.) On July 22, 2009, the state district court entered a judgment of conviction sentencing petitioner to three consecutive terms of imprisonment of 30 to 75 months on each of the three counts, with

---

[1] The exhibits referenced in this order are found in the Court's record at dkt. nos. 14-18.

an additional three equal and consecutive terms of imprisonment for the use of a deadly weapon.  (Exhibit 22.)

Petitioner appealed his convictions to the Nevada Supreme Court. (Exhibit 23.) In his direct appeal brief (fast track statement), he raised two claims: (1) the district court abused its discretion by sentencing petitioner to consecutive prison terms; and (2) the district court failed to adequately canvass petitioner concerning the maximum punishment he could receive under the plea deal. (Exhibit 37.) On January 7, 2010, the Nevada Supreme Court affirmed petitioner's convictions. (Exhibit 39.) In its order of affirmance, the Nevada Supreme Court expressly declined to consider petitioner's claim concerning the adequacy of the district court's plea canvass because he had not previously raised the claim and the alleged error did not clearly appear on record. (Exhibit 39, at p. 2.)

On August 9, 2010, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 51.) The state district court dismissed a number of petitioner's claims by order filed April 1, 2011. (Exhibit 61.) The state district court conducted an evidentiary hearing on the remaining claims. (Exhibits 79 & 83.) The state district court denied the petition by written order filed April 3, 2012. (Exhibit 93.)

Petitioner appealed the denial of his post-conviction state habeas petition. (Exhibit 85.) In his appellate brief (fast track statement), petitioner raised the following claims: (1) the use of news footage in identifying petitioner violated his due process rights; (2) trial counsel was ineffective for failing to challenge the identification of petitioner through pretrial motion practice; (3) trial counsel was ineffective for failing to stop the plea hearing when petitioner incorrectly states the maximum sentences; and (4) trial counsel was ineffective at sentencing for failing to object to the State's reference to unrelated crimes. (Exhibit 104.) On December 2, 2012, the Nevada Supreme Court affirmed the denial of petitioner's state habeas petition.  (Exhibit 108.)

///

///

2

Petitioner dispatched his federal habeas corpus petition to this Court on January 17, 2013. (Dkt. no. 6, at p. 1.) In the federal petition, petitioner raises the following claims:

>Claim 1: Trial counsel was ineffective for failing to investigate an alibi witness or otherwise pursue a false identification defense.
>
>Claim 2: The district court failed to adequately canvass petitioner concerning the maximum punishment he could receive under the plea deal in violation of NRS 174.035 and petitioner's constitutional rights.
>
>Claim 3: The State failed to turn over discovery material, including surveillance video and witness interview transcripts, in violation of petitioner's constitutional rights.

(Dkt. no. 6.) Respondents filed the instant motion to dismiss the petition. (Dkt. no. 13). Petitioner filed an opposition. (Dkt. no. 22.) Respondents filed a reply brief. (Dkt. no. 23.)

## II.   DISCUSSION

### A.   Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore,* 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). To satisfy exhaustion, each of petitioner's claims must have been previously presented to the Nevada Supreme Court, with references to a specific constitutional guarantee, as well as a statement of facts that entitle petitioner to relief. *Koerner v. Grigas*, 328 F.3d 1039,

3

1046 (9th Cir. 2002). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (*citing Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir. 2001) (*quoting Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F. Supp. 455, 458 (D. Nev. 1984).

In Ground 3 of the federal petition, petitioner asserts that the State failed to turn over discovery material, including surveillance video footage and witness interview transcripts, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). (Dkt. no. 6, at p. 7.) Petitioner raised a similar claim in his *pro per* post-conviction habeas petition filed in state district court. (Exhibit 51, at p. 11.) However, the claim was not presented to the Nevada Supreme Court in petitioner's appellate brief (fast track statement). (Exhibit 104.) Ground 3 of the federal petition has never been presented to Nevada's highest court and therefore the claim is unexhausted. *See Castillo v. McFadden*, 399 F.3d 993,

1000 (9th Cir. 2005) (noting that the state high court "was not required to review the parties' trial court pleadings," and that the petitioner must have presented his federal claims "within the four corners of his appellate briefing" in order to properly exhaust the claims).

### B. Procedural Default

In Ground 2 of the federal petition, petitioner asserts that the state district court failed to adequately canvass him concerning the maximum punishment he could receive under the plea agreement. (Dkt. no. 6, at p. 5.) Respondents contend that Ground 2 of the federal petition is procedurally barred.

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003). To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

Ground 2 of the federal petition asserts that the state district court failed to adequately canvass petitioner concerning the maximum punishment he could receive under the plea agreement. (Dkt. no. 6, at p. 5.) Petitioner raised a similar claim on direct appeal. (Exhibit 37, at pp. 4-5.) The Nevada Supreme Court declined to consider the claim because petitioner raised the claim in a procedurally deficient manner. (Exhibit 39, at p. 2.) In declining to consider the claim, the Nevada Supreme Court ruled: "Trusty does not claim that he previously raised a challenge to the validity of his plea in the district court and the alleged error does not clearly appear on the record, therefore we decline to consider his contention." (Exhibit 39, at p. 2) (*citing Bryant v. State*, 102 Nev. 268, 272, 721 P.2d 364, 368 (1986)).  The Nevada Supreme Court's refusal to consider petitioner's claim rested on a state law procedural ground that is independent of the federal question and adequate to support the judgment. *See Coleman v. Thompson*, 501 U.S. at 730-31. Petitioner has failed to demonstrate cause and prejudice to excuse the procedural default. Ground 2 of the petition was procedurally defaulted in state court, therefore, the claim is barred from review by this Court.

    **C.**    ***Tollett* Bar**

In *Tollett v. Henderson*, 411 U.S. 258, 267 (1973), the United States Supreme Court held that "when a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Instead, [h]e may only attack the voluntary and intelligent character of the guilty plea . . . ." *Id.; see also Menna v. New York*, 423 U.S. 61, 63, n.2 (1975) (discussing purpose and scope of *Tollett* bar). The Ninth Circuit has applied the *Tollett* rule to both independent constitutional claims and claims of ineffective assistance of counsel. *See United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (per curium) (holding that defendant's pre-plea ineffective assistance of counsel claim, and underlying speedy trial claim, were barred by *Tollett*; *see also United States v. Jackson*, F.3d 1141, 1144 (9th Cir. 2012) (citing *Tollett* and *Bohn* with approval).

Ground 1 of the federal petition asserts that counsel was ineffective for failing to investigate and pursue a potential defense. (Dkt. no. 6, at p. 3.) Ground 3 of the federal petition asserts that the State failed to turn over discovery material. (Dkt. no. 6, at p. 7.) Under *Tollett*, petitioner cannot raise Grounds 1 and 3 of the federal petition, which are independent constitutional claims of events that occurred prior to entry of the guilty plea. Because petitioner seeks to collaterally attack his factual guilt in Grounds 1 and 3, but has already admitted that guilt through the plea agreement, *Tollett* bars consideration of those claims in his federal habeas corpus proceeding.

### III.    CERTIFICATE OF APPEALABILITY

In order to proceed with any appeal, petitioner must receive a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). District courts are required to rule on the certificate of appealability in the order disposing of a proceeding adversely to the petitioner or movant, rather than waiting for a notice of appeal and request for certificate of appealability to be filed. Rule 11(a) of the Rules Governing Section 2254 and 2255 Cases. Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability.  28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.* In this case, no reasonable jurist would find this Court's dismissal of the petition debatable or wrong. The Court therefore denies petitioner a certificate of appealability.

///

///

## IV. CONCLUSION

It is therefore ordered that respondents' motion to dismiss (dkt. no. 13) is granted.

It is further ordered that the petition is dismissed with prejudice.

It is further ordered that petitioner is denied a certificate of appealability.

It is further ordered that the Clerk shall enter judgment accordingly.

DATED THIS 18th day of November 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE